## MAPLES *et al.* v. SMYTHE.

No. 2422.   Opinion Filed February 11, 1913.

(130 Pac. 445.)

**FORCIBLE ENTRY AND DETAINER—Evidence—Sufficiency.**   Where, in forcible entry and detainer, giving the evidence its strongest probative force, there is no evidence reasonably tending to prove that defendant was in possession of the premises in controversy at the commencement of the suit, held, that the court did not err in sustaining a demurrer to the evidence at the close of plaintiffs' testimony.

*Error from Creek County Court;*
*Josiah G. Davis, Judge.*

Action by Elizabeth Maples and others against William Smythe.   Judgment for defendant, and plaintiffs bring error. Affirmed.

*McDougal, Lattimore & Lytle,* for plaintiffs in error.

*Pryor, Rockwood & Lively,* for defendant in error.

TURNER, J.   On March 12, 1909, Elizabeth Maples, E. J. Maples, and A. A. Maples, plaintiffs in error, sued William

Smythe, defendant in error, before a justice of the peace in Creek county in forcible entry and detainer for "a certain brick house at 204 North Birch street, city of Sapulpa; and the lands consisting of what was all of block 3 in the old plat of the town-site of the city of Sapulpa." After answer filed, in effect a general denial, there was trial and judgment for defendant. On trial anew in the county court, to which the cause was appealed, at the close of plaintiffs' testimony a demurrer was sustained to the evidence, and judgment rendered and entered accordingly, and plaintiffs bring the case here, assigning as error the action of the court in sustaining the demurrer.

To maintain the issues on their part plaintiffs, after proof of three days' notice to quit, proved that, after one Egan had been in peaceable possession of the premises in controversy for some eight years, he turned it over to D. P. Maples, who fenced the same, and built thereupon a small brick house, and died in May, 1908, after years of peaceable possession; that plaintiff Elizabeth is his widow and the other two plaintiffs his children; that while Maples lived Egan acted as his agent and rented the same to one Sherry, who occupied the same for two months with a stock of goods which he, after the death of Maples, sold out and turned over, together with possession of the premises, to Charlie Smythe, who occupied the house until January, 1909. But here the evidence fails. As set forth in the brief of plaintiffs in error, the most that can be said of it is that defendant was never in actual possession, but, Charlie Smythe having moved out, the premises were unoccupied at the time this notice was given and suit commenced. The only evidence set forth in the brief tending to couple defendant with the possession was that he had told a witness that he, William Smythe, had "staked his brother, Charlie Smythe, in the premises several times and that no rent would be paid," and that thereupon notice to quit was served on defendant and this action commenced, which notice was in March after Charlie had quit in the preceding January. The same witness further testified that defendant, on a former trial of some kind somewhere, had testified that he claimed, at a time not given, to be in possession of said premises under a quit-

claim deed from one Kidd.   If other evidence exists coupling defendant with possession of the premises at the time of the commencement of this action, it is not contained in the abstract set forth in plaintiffs' brief, and we decline to inspect the record to find it.   Applying the rule invoked by defendant that actions of this kind may be maintained only against one in possession at the commencement of the action and not against one who does not in fact hold the land (19 Cyc. 1142, 1163), there being no evidence reasonably tending to prove such possession in defendant at that time, the judgment of the trial court is affirmed.

HAYES, C. J., and KANE and DUNN, JJ., concur; WILLIAMS, J., not participating.